UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Anthony E. Martinez,<br><br>             Plaintiff,<br><br>   v.<br><br>Arnold Toombs, et al.,<br><br>             Defendants. | Case No. 2:23-cv-01048-GMN-BNW<br><br>**REPORT AND RECOMMENDATION** |

On February 12, 2025, the Court received notice that Plaintiff's mail was returned as undeliverable because he was discharged on August 21, 2024. ECF No. 25. The Nevada Department of Corrections website confirms that Plaintiff was discharged. This Court promptly issued a minute order directing Plaintiff to update his address by February 27, 2025, and it warned him that failure to do so may result in dismissal of his case. ECF No. 27. Plaintiff did not update his address by the deadline. Moreover, Plaintiff has not participated in his case since May of last year. As a result, this Court recommends that this case be dismissed without prejudice.

The law permits a district court to dismiss an action based on a party's failure to prosecute his case or comply with a court order. *See Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders). In determining whether to dismiss an action, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissing Plaintiff's claims. The third

factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits— weighs against dismissal.

The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal. Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). At this point in the proceedings, there is little, if anything, this Court can do that would constitute a meaningful lesser sanction while protecting the Court from further, unnecessary use of its resources. Plaintiff has not participated in his case for over ten months. He has not responded to the pending motion for summary judgment. *See* ECF No. 24. And he has not updated his address despite a court order to do so. ECF No. 27. Plaintiff's address is still listed as Southern Desert Correctional Center, but he is no longer incarcerated there. Even if this Court were to impose monetary or other sanctions, such as preclusion of evidence, this would not correct Plaintiff's failure to update his address because he would not receive notice of the Court's order. Any sanction short of dismissal without prejudice is not meaningful and will result in the unnecessary expenditure of court resources. So, the fifth factor favors dismissal.

In balance, the factors above favor a recommendation of dismissal. *See Hernandez v. City of El Monte*, 138 F.3d 393 (9th Cir. 1998) (holdings dismissal is proper where least four factors support dismissal or where at least three factors "strongly" support dismissal).

/ /
/ /
/ /
/ /
/ /
/ /
/ /

**IT IS THEREFORE RECOMMENDED** that **THIS ACTION BE DISMISSED** for failure to comply with a court order and for failure to prosecute.

## NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: March 18, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE